# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

FILED
Scott L. Poff, Clerk
United States District Court

By casbell at 4:05 pm, Apr 16, 2019

| | | |
|---|---|---|
| DEBRA HERRIN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | NO. 2:19-cv-11 |
| | * | |
| J.C. PENNY CORPORATION, INC., | * | |
| | * | |
| Defendant. | * | |

## ORDER

Before the Court is Defendant J.C. Penney Corporation, Inc.'s Motion to Dismiss. Dkt. No. 9. This Motion has been fully briefed and is ripe for review. For the following reasons, Defendant's Motion is **DENIED**.

## BACKGROUND

In this case, Plaintiff alleges that on December 2, 2016, she slipped and fell on vomit that was on the walkway aisle in Defendant's store in Brunswick, Georgia. Dkt. No. 9 at Ex. 1, ¶¶ 5-6. Plaintiff filed a personal injury action against Defendant on November 16, 2018, in the Superior Court of Glynn County. Id. at Ex. 1. On November 27, 2018, Harley Weaver—the legal assistant of Plaintiff's counsel—had yet to receive a copy of the summons and complaint to serve Defendant. Dkt. No. 12-1 ¶ 6. That same day, Ms. Weaver called the Clerk of Superior Court of Glynn County

("the Clerk") to inquire about the whereabouts of those documents. Id. Several days later, she called the Clerk again to request the summons and complaint. Id. Under O.C.G.A. § 9-3-33, the two-year statute of limitations period for Plaintiff's personal injury action ran on December 2, 2018. On December 13, 2018, Ms. Weaver received the service copy of the complaint and summons. Dkt. No. 12-1 ¶ 7. At some point on or after December 13, 2018, Ms. Weaver mailed those documents via First Class Mail to the Forsyth County Sheriff Department for service upon Defendant's registered agent.[1] Id. ¶ 8. Defendant's registered agent was served on December 21, 2018. Dkt. No. 9 at Ex. 3. On January 4, 2019, Ms. Weaver received the Sheriff Entry of Service and mailed the same to the Clerk. Id. ¶ 9.

On January 18, 2019, Defendant removed this case to federal court. Dkt. No. 1. On February 12, 2019, Defendant filed its Motion to Dismiss, dkt. no. 9, currently before the Court, arguing that Plaintiff's claims are time-barred under the statute of limitations because Plaintiff failed to timely serve Defendant, and as a result, the statute of limitations was not tolled by Plaintiff filing the complaint on November 12, 2018.

---

[1] In her brief, Plaintiff asserts that her counsel "immediately forwarded" the service copy once it received it on December 13, 2018, but neither the brief nor Ms. Weaver's affidavit clarify exactly on what date the service copy was mailed to the Forsyth County Sheriff. See Dkt. No. 12 at 3; Dkt. No. 12-1 ¶ 8.

AO 72A
(Rev. 8/82)

## LEGAL STANDARD

Although Defendant does not specify that it is filing a motion pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court will construe Defendant's motion as being filed under that rule because Defendant argues that Plaintiff's claims should be dismissed as they are barred by the statute of limitations. Such statute of limitations defenses are commonly raised under Rule 12(b)(6). See Tlemcani v. Georgia Dep't of Cmty. Health, No. 1:17-CV-2547-TWT-JSA, 2017 WL 8293276, at *3 n.1 (N.D. Ga. Sept. 28, 2017), report and recommendation adopted, No. 1:17-CV-2547-TWT, 2018 WL 1427944 (N.D. Ga. Mar. 22, 2018).

When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), a district court must accept as true the facts set forth in the complaint and draw all reasonable inferences in the plaintiff's favor. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Although a complaint need not contain detailed factual allegations, it must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court accepts the allegations in the complaint as true and draws all reasonable

inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). However, the Court does not accept as true threadbare recitations of the elements of the claim and disregards legal conclusions unsupported by factual allegations. Iqbal, 556 U.S. at 678-79. At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

## DISCUSSION

Defendant argues that Plaintiff's claims should be dismissed because they are barred by the statute of limitations. Specifically, Defendant argues that Plaintiff's claims are barred because Plaintiff failed to timely serve Defendant before the statute of limitations ran and did not diligently attempt to serve Defendant after that point. Plaintiff responds that she did act diligently to serve Defendant in a timely manner despite the fact that the statute of limitations had run.

"In determining whether service of process was 'timely' in these situations, the Eleventh Circuit has held that Georgia's service of process rule, O.C.G.A. § 9-11-4(c), rather than Federal Rule of Civil Procedure 4(m) determines the propriety of service."

Banner Grain & Peanut Co., Inc. v. Penn Millers Ins. Co., No. 1:16-CV-00539-LMM, 2016 WL 9454415, at *2 (N.D. Ga. Aug. 4, 2016) (citing Cambridge Mut. Fire Ins. Co. v. City of Claxton, 720 F.2d 1230, 1231-33, 1232 n.2 (11th Cir. 1983); Aucoin v. Connell, 209 Fed. App'x. 891, 893 (11th Cir. 2006)). O.C.G.A. § 9-11-4(c) states: "When service is to be made within this state, the person making such service shall make the service within five days from the time of receiving the summons and complaint; but failure to make service within the five-day period will not invalidate later service." "Where 'service is made after [this] five-day statutory grace period provision, the plaintiff bears the burden of showing that he exercised due diligence in perfecting service.'" Banner, 2016 WL 9454415, at *2 (quoting Scott v. Taylor, 507 S.E.2d 798, 799 (Ga. Ct. App. 1998)).

In Giles v. State Farm Mut. Ins. Co., 765 S.E.2d 413, 416 (Ga. Ct. App. 2014), the Georgia Court of Appeals clarified that "the person making such service" within the meaning of § 9-11-4(c) referred to the person making service of process, not the party filing the action. Thus, the clock for the five-day grace period begins to run on the day that the person making service receives the complaint and summons, not the day that the plaintiff files the complaint. Id. Based on this understanding, the court summarized the rules for service of process and statutes of limitations as follows:

AO 72A
(Rev. 8/82)

> If the filing of the petition is followed by timely service perfected as required by law, although the statute of limitation runs between the date of the filing of the petition and the date of service, the service will relate back to the time of filing so as to avoid the limitation. Therefore, if service is made within the five-day grace period allowed by OCGA § 9-11-4(c), it relates back to the date the complaint was filed as a matter of law. And [w]here a complaint is filed near the statute of limitation and service is made after the statute expires and after the five-day safe harbor provision contained within OCGA § 9-11-4(c), the relation back of the service to the date of filing is dependent upon the diligence exercised by the plaintiff in perfecting service.

Id. at 417 (citations and internal quotation marks omitted).

Here, the Court cannot determine whether Plaintiff is within the 5-day grace period because the affidavit attached to Plaintiff's response to Defendant's motion fails to indicate exactly when Ms. Weaver—the legal assistant to Plaintiff's counsel—mailed the complaint and summons to the service processor and when the service processor received those documents. Nevertheless, even assuming that Plaintiff does not fall within the 5-day grace period, the Court still determines that Plaintiff exercised diligence in attempting to perfect timely service upon Defendant. To meet the diligence requirement, "[t]he plaintiff has the burden to show there are no 'unexplained lapses' in her attempts to serve the defendant, and that showing must be supported by 'specific dates and details.'" Tlemcani, 2017 WL 8293276, at *6 (quoting Lipscomb v. Davis, 783 S.E.2d 398, 399 (Ga. Ct. App. 2016)). Here, Plaintiff has filed an affidavit of her counsel's

legal assistant who gives specific dates and details demonstrating Plaintiff's counsel's diligence in attempting to perfect service on Defendant.

Plaintiff filed her complaint in state court over two weeks before the statute of limitations ran on November 16, 2018. Having not received the complaint and summons by November 27, 2018, Ms. Weaver—the legal assistant to Plaintiff's counsel—contacted the Clerk on that day to check on the whereabouts of those documents. She swore that she called again to check several days later. The Clerk finally sent the documents to Plaintiff on December 13, 2018. Within eight days (which included a weekend), Plaintiff mailed the complaint and summons to the Forsyth County Sherriff Department, the Sherriff's Office received the documents, and service was perfected on Defendant.[2] All-in-all, Defendant received service of process nineteen days after the statute had run, and Plaintiff spent eleven of those nineteen days waiting on the Clerk to send the complaint and summons. Cf. Tlemcani, 2017 WL 8293276, at *8 (finding that plaintiff's claims were barred by the statute of limitations for failure to perfect service where the plaintiff had "not alleged any attempts at service before 64 days after the filing of the complaint and 66 days after the running of the

---

[2] Although Ms. Weaver's affidavit fails to show the exact dates of when she mailed the complaint and summons to the Forsyth County Sheriff Department and when the Sheriff's office received those documents, because these events occurred within about a week's time, the Court does not find that this is an "unexplained lapse" of time warranting dismissal of Plaintiff's suit.

statute"). Plaintiff should not be faulted for having to wait on the Clerk to prepare the complaint and summons, especially in light of Ms. Weaver's phone calls to the Clerk's office. See Allen v. W. Union Fin. Servs., Inc., No. CV 214-140, 2015 WL 1931390, at *5 (S.D. Ga. Apr. 28, 2015) (finding dismissal improper where Plaintiff filed a complaint four days before the statute of limitations ran but the marshal's office did not serve the defendants until 39 days later).

Based on these facts, the Court cannot say that a nineteen-day delay past the statute of limitations warrants dismissal of Plaintiff's suit. Rather, Plaintiff exercised diligence by calling the clerk's office twice before the statute had run and ensuring that within six business days of receiving the complaint and summons, those documents were sent to the service processor and served on Defendant. As such, Plaintiff's service on Defendant relates back to the November 16th filing of the complaint, and Plaintiff's claims are not barred by the statute of limitations.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss, dkt. no. 9, is hereby **DENIED**.

AO 72A
(Rev. 8/82)

8

**SO ORDERED**, this 16th day of April, 2019.

_/s/ Lisa Godbey Wood_
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)